HUMBERT B. POWELL, as Executor of and Trustee under the Last Will and Testament of ANDREW G. WOOD, Deceased, Appellant, *v.* WILLIAM C. DEGAN, Respondent.

Second Department, November 23, 1917.

**Bills and notes — action on note given for money advanced — construction of agreement providing collateral security.**

In an action upon a renewal note given for money loaned or advanced by the plaintiff's intestate and members of his firm to defendant, it appeared that the parties had entered into an agreement providing collateral security for the indebtedness existing or thereafter created by the transfer of shares of stock of a realty company to the payees who agreed in their unreviewable discretion to vote said stock for directors and to instruct them to sell the land and use the proceeds for payment of the indebtedness, but reserving any and all rights against the defendant.

*Held,* that the plaintiff is not bound to seek payment first from the proceeds of the sale of the land but may proceed directly against the defendant, the maker of the note.

The condition of a subsequent note given by the realty company postponing payment until said company sells some assets, which note includes a certain part of the obligation of the note in suit, does not attach to the latter note.

PUTNAM, J., dissented in part.

APPEAL by the plaintiff, Humbert B. Powell, as executor and trustee, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 29th day of March, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of March, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*William E. Sims,* for the appellant.

*Charles H. Street* [*Leander B. Faber* with him on the brief], for the respondent.

THOMAS, J.:

The jury found for the defendant in an action on a promissory note made by defendant, and on a further indebtedness of defendant for money advanced at his request for his use. The indebtedness appears, but the defense is that payment must be sought in the first instance from the proceeds of sale of certain land. Three men, Wood, Meyer and the latter's son, were partners under the name of Croxton, Wood & Company. Wood died in December, 1914, and by agreement with the surviving partners the plaintiff became the owner of the indebtedness. The note in suit is the renewal of a note or notes given for money loaned or advanced by Croxton, Wood & Company to defendant. On September 10, 1914, the parties entered into an agreement that stated the indebtedness at $6,761.04, and provided security for the indebtedness then existing or thereafter created by the transfer of 105 shares of the stock of the Degen Realty Company to Croxton, Wood & Company, who agreed to loan Degen money to pay for certain maintenance of thirty-five acres of land owned by the Degen Company; and the Croxton Company agreed, " at such times as in their unreviewable discretion may be deemed proper, to vote their shares of stock for directors and so far as the vote of said directors may control the action of the corporation, to instruct such directors to sell said 35 acres of land, * * * for such price or prices as to them seems fitting," and to use the proceeds for payment of the indebtedness of Degen, and the balance, if any, to Degen. The agreement continued: " If the proceeds of the sale of said 35 acres

of land, be the same more or less, are insufficient to pay all taxes, assessments, maintenance charges, etc., in paragraph 4 hereinabove and the balance due by said Degen to said Company, said Degen shall be and remain fully indebted to said Company for the amount as to which said sales price shall be insufficient, and until such balance is fully paid, said 105 shares of stock of the Degen Realty Company shall be retained by said Company. 7. Until the full payment of their claim against said Degen, Company hereby fully reserve any and all their rights against the said Degen, this agreement being intended solely as one giving to said Company, the collateral security herein mentioned." The defendant's contention is that the plaintiff cannot proceed against him personally until resort shall have been first had to the proceeds of sale of the land; and the jury, permitted to construe the agreement, found the defendant's construction. In my judgment the agreement is not at all ambiguous. Degen owed Croxton, Wood & Company money, and wanted more in carrying some land of the Degen Company. To secure what the Croxton Company had and should advance, Degen assigned some stock of the Degen Company, and the Croxton Company agreed to vote it to further the sale of some land of the Degen Company, and Degen agreed that the indebtedness should be paid out of it, but the arrangement was solely to provide collateral security, and all rights against Degen were reserved. Degen did not own the land. The Degen Company did, and alone could sell it. The creditor was potential to collect its debt by looking directly to the debtor, by resorting to the 105 shares of stock, by influencing the corporation to sell the land and therefrom getting such sum as upon liquidation of the company's capital, or dividend declared, would fall to the 105 shares of stock. The proposal that a creditor should suspend the obligation of his debtor pending the disposition of the capital or property of a corporation, and then take and apply what would come to the stock pledged, is so strange a disablement of payment that the construction should not be indulged, in view of the very words of the agreement that preserve rights against the debtor. But the court admitted evidence to aid in the construction of the agreement, to wit, two notes, each dated February 21, 1916, made by the

Degen Realty Company, one to the order of William C. Degen, and one to the order of the present plaintiff, which includes all that is contained in the note in suit, except $2,000 and accrued interest loaned by Croxton, Wood & Company to the defendant. These notes each provide that payment is not to be made until the realty company sells some assets. It seems that the sum promised in the note, which includes a certain part of the obligation of the note in suit, was advanced by Croxton, Wood & Company for the benefit of the Degen Realty Company. Degen himself undertook to pay it by the notes of which the note in suit is a renewal, and by the agreement to which I have called attention; but later the Degen Company gave the note mentioned. There is a letter from the plaintiff, which states that he holds the note as collateral for the indebtedness of Degen. The defendant would have the inference drawn that, because the Degen Realty Company gave the note as collateral for Degen's note, there should be imparted to the note in suit the same terms that condition the payment of the Degen Realty Company note. This seems to me an impossible argument. Plaintiff also relies upon a conversation between Meyer and the defendant. Meyer denies the conversation, but assume that it is true; it does not tend to show that the agreement of 1914 should have the construction for which the defendant contends.

The judgment and order should be reversed and judgment ordered for the plaintiff, with costs.

JENKS, P. J., MILLS and BLACKMAR, JJ., concurred; PUTNAM, J., concurred for reversal, but voted for a new trial on the ground that the legal title to the note in suit was not shown to be completely in the plaintiff.

Judgment and order reversed and judgment ordered for the plaintiff, with costs.